UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIC HARNETT,

                            Plaintiff,                        **MEMORANDUM AND ORDER**
                                                                             12-CV-3958 (RRM)

    - against -

THE NATIONAL PASSPORT CENTER OF THE
UNITED STATES DEPARTMENT OF STATE;
HILLARY RODHAM CLINTON, Secretary of State
of the United States Department of State,

                            Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge:

      Plaintiff Eric Harnett brings the instant *pro se* complaint alleging, *inter alia*, that he was denied a passport because he is in arrears on child support. The Court grants plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, the case is dismissed.

**STANDARD OF REVIEW**

      *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

      Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79

1

(2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## BACKGROUND

Plaintiff alleges that his United States passport was suspended three years ago and the United States Department of State has determined that he is ineligible to receive a new passport because he is in arrears on child support. See Compl. at 2 & Exhibit A. Plaintiff states that he needs a passport "for international travel/wellness business and [to] visit Jamaica, West Indies and the Dominican Republic for family reunions, friendship, the funerals of loved ones, health as well as leisure . . . ." Compl. at 2. Plaintiff does not dispute that he owes in excess of $2,500 in child support arrears. Plaintiff seeks the issuance of a new passport and monetary damages. Id.

## DISCUSSION

Plaintiff asserts a constitutional challenge to 42 U.S.C. § 654(31) and 42 U.S.C. § 652(k). Section 654(31) requires states that receive federal assistance for child support collection to certify "to the Secretary . . . determinations that individuals owe arrearages of child support in an amount exceeding $2,500." 42 U.S.C. § 654(31). After receipt of a certification, and pursuant to section 652(k), the Secretary will "refuse to issue a passport to such an individual, and may revoke, restrict, or limit a passport issued previously to such individual." 42 U.S.C. 652(k)(2). The United States Court of Appeals for the Second Circuit has previously rejected such a

constitutional challenge to these passport denial and revocation laws. In Weinstein v. Albright, 261 F.3d 127 (2d Cir. 2001), the Second Circuit held that the statutory and regulatory scheme for denying passport applications and revoking existing passports for citizens in arrears on child support obligations is in accord with due process and equal protection and is not unconstitutional. See also Eunique v. Powell, 302 F.3d 971, 975–76 (9th Cir. 2002) (it is constitutional for the State Department to refuse to issue a passport to individuals who are in arrears on their child support obligations). Therefore, plaintiff's claims lack merit.

## CONCLUSION

Accordingly, this action is dismissed. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 25, 2012

*Roslynn R. Mauskopf*
ROSLYNN R. MAUSKOPF
United States District Judge